UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:19-cv-082-CHB |
| ) | |
| v. ) | |
| ) | **ORDER ADOPTING MAGISTRATE** |
| JEREMY WIGGLESWORTH, ) | **JUDGE'S REPORT AND** |
| ) | **RECOMMENDATION** |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Matthew A. Stinnett [R. 30]. The Report and Recommendation addresses the Motion for Default Judgment filed by Plaintiff [R. 27], in which Plaintiff seeks Default Judgment against Defendant on the Complaint's sole claim, violation of 47 U.S.C. § 605, and damages in the amount of $15,855.00 [*Id.* at p. 17].

In his Report and Recommendation, Magistrate Judge Stinnett detailed the facts supporting entry of a default judgment under Fed. R. Civ. P. 55(b), [R. 30 pp. 2–4], and acknowledged the relevant factors for consideration as set forth in *Russell v. City of Farmington Hills*, 34 F. App'x 196 (6th Cir. 2002). [*Id.* at p. 4] The Magistrate Judge ultimately recommended that Plaintiff receive the default judgment sought, in part. [*Id.*]. More specifically, he recommended that Plaintiff be awarded only $12,460 in damages. In reaching this conclusion, the Magistrate Judge found that $3,465, the estimated loss incurred as a result of Defendant's conduct, was an appropriate award under 47 U.S.C. § 605(e)(3)(C)(i)(II); the facts of this case warranted an additional $7,000 in enhanced damages under § 605(e)(3)(C)(ii); and that an award of $495 in costs and $1,500 in attorney's fees was reasonable under § 605(e)(3)(B)(iii).

Magistrate Judge Stinnett's Report and Recommendation advised the parties that any objections must be filed within fourteen (14) days. [R. 30 at pp. 8–9] The time to file objections has passed, and neither party has filed any objections to the Report and Recommendation nor sought an extension of time to do so.

Generally, this Court must make a de novo determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." See *Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a Magistrate Judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with the Magistrate Judge's Report and Recommendation. Accordingly, the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [**R. 30**] is **ADOPTED** as the opinion of this Court.
2. Plaintiff Joe Hand Promotions, Inc's Motion for Default Judgment [**R. 27**] is **GRANTED IN PART**;
3. Plaintiff is **AWARDED** the following damages:
    a. $3,465 in statutory damages;
    b. $7,000 in enhanced damages;
    c. $495 in costs;
    d. $1,500 in attorney's fees;

- 3 -

    e.  totaling in a recoverable sum of $12,460.

4. A corresponding Judgment will follow.

    This the 16th day of September, 2020.

*[Signature]*

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY